UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JE'ROD ANTHONY BLOND,

        Plaintiff,

v.                                                  CASE NO. 2:21-cv-10583

CITY OF FLINT,                      HON. GEORGE CARAM STEEH
STATE OF MICHIGAN,
CARL JORDAN, and
GRETCHEN WHITMER,

        Defendants.
_____/

## **OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT**

This matter has come before the Court on Je'rod Anthony Blond's pro se civil rights complaint, which was filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.)   Plaintiff alleges that he has been convicted and sentenced and that the Genesee County Sheriff in Flint, Michigan currently has custody of him.  Id. at PageID.2, 5.   The defendants are the City of Flint, Michigan, the State of Michigan, attorney Carl Jordan, and Michigan Governor Gretchen Whitmer.   See id., PageID.1, 3.[1]

---

[1] Although plaintiff did not list Governor Whitmer in the caption for his complaint, he did name her as a defendant on page 3 of the complaint.

In his complaint, plaintiff challenges his state convictions even though he has not shown that his convictions have been invalidated by state officials or impugned by a federal judge on habeas corpus review.  The complaint also is frivolous, and it fails to state a claim for which relief may be granted.  Two of the defendants are immune from suit, as well.  The Court, therefore, is summarily dismissing the complaint.

## I. Introduction

Plaintiff alleges that, following a jury trial in Genesee County Circuit Court in late April and early May of 2018, he was convicted of an unspecified offense.  Id. at PageID.7.  On May 3, 2018 he was sentenced to life imprisonment in a state correctional facility.  Id.  According to plaintiff, the prosecutor vouched for two witnesses and used the witnesses' false testimony to obtain plaintiff's conviction.  Id.  Plaintiff contends that the prosecutor also enabled the jury to view an inadmissible photograph, and he tainted the jury by suggesting to the jury that there was no blood on shoes that were linked to plaintiff because plaintiff washed the shoes.  Id. at PageID.7-8.

Plaintiff states that he retained attorney Carl Jordan to represent him in the criminal case, but Jordan failed to represent him adequately.  Id. at PageID.5, 9.  Jordan allegedly failed to properly investigate the case,

produce possibly exculpatory evidence, interview witnesses critical to the defense, or hire expert witnesses.   Id.  Plaintiff also contends that Jordan may have had a conflict of interest due to not being paid.  Id. at PageID.9.

Plaintiff has sued all the defendants in their official capacities.  Id. at PageID.2-3.  He sues defendant Jordan in his personal capacity as well, id. at PageID.3, and he seeks immediate release from custody with the maximum compensation allowed by law.   Id. at PageID.11.

## II.  Legal Framework

Plaintiff was granted permission to proceed without prepaying the fees or costs for this action.  (ECF No. 4.)  The Court is required to screen an indigent prisoner's complaint and to dismiss the complaint if it is frivolous or malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; Grinter v. Knight. 532 F.3d 567, 572 (6th Cir. 2008).

Although a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007) (footnote and citations omitted).  In other words, "a

complaint must contain sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570).  Under Twombly and Iqbal, the factual allegations in a complaint are accepted as true.  *See* Iqbal, 556 U.S. at 678, and Twombly, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).

A complaint is legally frivolous if it lacks an arguable basis in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989).  The term "frivolous" in the applicable subsection of 28 U.S.C. § 1915, "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation."  Id.

This action was brought under 42 U.S.C. § 1983, which "makes 'liable' '[e]very person' who 'under color of' state law 'subjects, or causes to be subjected,' another person 'to the deprivation of any rights, privileges, or immunities secured by the Constitution[.]' "  Pineda v. Hamilton Cty., Ohio, 977 F.3d 483, 489 (6th Cir. 2020) (quoting the statute).  A plaintiff must prove two things to prevail in an action under § 1983:  "(1) that he or she was deprived of a right secured by the Constitution or laws of the United

States; and (2) that the deprivation was caused by a person acting under

color of law."  Robertson v. Lucas, 753 F.3d 606, 614 (6th Cir. 2014).

## III.  DISCUSSION

The Court begins its discussion by noting that a § 1983 action is not a

proper remedy for a state prisoner who is challenging the fact or length of

his custody.  Preiser v. Rodriguez, 411 U.S. 475, 499 (1973).  Additionally,

as explained in Heck v. Humphrey, 512 U.S. 477 (1994),

> to recover damages for allegedly unconstitutional
> conviction or imprisonment, or for other harm caused by
> actions whose unlawfulness would render a conviction or
> sentence invalid, a § 1983 plaintiff must prove that the
> conviction or sentence has been reversed on direct
> appeal, expunged by executive order, declared invalid by
> a state tribunal authorized to make such determination, or
> called into question by a federal court's issuance of a writ
> of habeas corpus, 28 U.S.C. § 2254. A claim for damages
> bearing that relationship to a conviction or sentence that
> has *not* been so invalidated is not cognizable under 1983.

Id. at 486-87 (footnote omitted) (emphasis in original).   Heck and

subsequent Supreme Court cases,

> taken together, indicate that a state prisoner's § 1983
> action is barred (absent prior invalidation) -- no matter the
> relief sought (damages or equitable relief), no matter the
> target of the prisoner's suit (state conduct leading to
> conviction or internal prison proceedings) -- if success in
> that action would necessarily demonstrate the invalidity of
> confinement or its duration.

Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff has not alleged that his state convictions or sentence were invalidated by state officials or called into question on federal habeas corpus review, and granting the requested relief would necessarily demonstrate the invalidity of his incarceration.  Therefore, plaintiff's challenge to his state convictions is not cognizable in this civil rights action.

Plaintiff's claims against specific defendants fail for the following additional reasons.  The Eleventh Amendment bars suits against a state or one of its agencies or departments unless the state has consented to suit. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100 (1984). "The state of Michigan . . . has not consented to being sued in civil rights actions in the federal courts," Johnson v. Unknown Dellatifa, 357 F.3d 539, 545 (6th Cir. 2004), and "Congress did not intend to abrogate the states' Eleventh Amendment immunity by passing section 1983,"  Thiokol Corp. v. Dep't of  Treasury, 987 F.2d 376, 383 (6th Cir. 1993) (citing Quern v. Jordan, 440 U.S. 332 (1979)).

"Eleventh Amendment immunity 'bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments, by citizens of another state, foreigners or its own citizens.' "  McCormick v. Miami Univ., 693 F.3d 654, 661 (6th Cir. 2012) (quoting Thiokol, 987 F.2d

- 6 -

at 381).  The State of Michigan, therefore, is immune from suit under the

Eleventh Amendment.

Gretchen Whitmer also must be dismissed from this lawsuit because

plaintiff sues Governor Whitmer in her official capacity, and

> [o]fficial-capacity suits . . . "generally represent only another
> way of pleading an action against an entity of which an officer is
> an agent."  Monell v. New York City Dept. of Social Services,
> 436 U.S. 658, 690, n. 55, 98 S. Ct. 2018, 2035, n. 55, 56 L. Ed.
> 2d 611 1978).  As long as the government entity receives notice
> and an opportunity to respond, an official-capacity suit is, in all
> respects other than name, to be treated as a suit against the
> entity.  Brandon [v. Holt, 469 U.S. 464, 471-472, 105 S. Ct. 873,
> 83 L. Ed. 2d 878 (1985)].  It is not a suit against the official
> personally, for the real party in interest is the entity.  Thus, . . . a
> plaintiff seeking to recover on a damages judgment in an
> official-capacity suit must look to the government entity itself.

Kentucky v. Graham, 473 U.S. 159, 165-166 (1985) (emphasis in original).

Governor Whitmer is an official within the executive branch of the

State of Michigan, see www.Michigan.gov, and, as noted above, the State

is immune from suit.  In addition, state officials acting in their official

capacities are not "persons" under § 1983.  Will v. Michigan Dep't of State

Police, 491 U.S. 58, 71 (1989).  Therefore, Governor Whitmer is dismissed

from this action.  Defendant Carl Jordan also must be dismissed, because

defense attorneys, whether retained or appointed by the State, do not act

under color of law when performing a lawyer's traditional functions as

counsel to a defendant in a criminal proceeding.  Floyd v. County of Kent,

454 F. App'x, 493, 497 (6th Cir. 2012) (citing <u>Polk County v. Dodson</u>, 454

U.S. 312, 325 (1981)).

That leaves the City of Flint.  Plaintiff has not shown what the City of

Flint did to violate his constitutional rights.  Although plaintiff apparently was

tried and convicted in Flint, a county official prosecuted plaintiff in a county

court.  A municipality cannot be held liable for constitutional injuries for

which it is not responsible.  <u>See</u> <u>Morgan v. Fairfield Cty., Ohio</u>, 903 F.3d

553, 565 (6th Cir. 2018) (citing <u>Monell</u>, 436 U.S. at 690), <u>cert</u>. <u>denied</u>, 139

S. Ct. 1377 (2019).

Even if the City of Flint somehow was involved in plaintiff's

prosecution, local governing bodies can be held liable only when "the

action that is alleged to be unconstitutional implements or executes a policy

statement, ordinance, regulation, or decision officially adopted and

promulgated by that body's officers."  <u>Monell</u> ,436 U.S. at 690.  Thus, to

prevail on his claim against the City of Flint, plaintiff "must show (1) that

[he] suffered a constitutional violation and (2) that a municipal policy or

custom directly caused the violation."  <u>Hardrick v. City of Detroit, Michigan</u>,

876 F.3d 238, 243 (6th Cir. 2017) (citing <u>Monell</u>, 436 U.S. at 690–92; <u>see</u>

<u>also</u> <u>Gardner v. Evans</u>, 920 F.3d 1038, 1063 (6th Cir. 2019) (stating that

"one route for holding municipalities liable . . . is showing that the harms at

issue were 'caused by the implementation of municipal policies or customs") (quoting *Morgan*, 903 F.3d at 565).  Plaintiff has not identified any municipal policy or custom that caused his injuries, and a municipality cannot be held responsible on a <u>respondeat</u> <u>superior</u> or vicarious theory of liability.  <u>Monell</u>, 436 U.S. at 691; <u>Gardner</u>, 920 F.3d at 1051 (quoting <u>Flagg v. City of Detroit</u>, 715 F.3d 165, 174 (6th Cir. 2013)).

## IV.  Conclusion

Plaintiff's allegations are not appropriate in this civil rights action.  In addition, his complaint fails to state a plausible claim for which relief may be granted, and it is frivolous under <u>Neitzke</u>.  The State of Michigan and Governor Whitmer in her official capacity also enjoy immunity from suit under the Eleventh Amendment.  Accordingly, the Court summarily dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).   The Court also certifies that an appeal from this order would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3); <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).

SO ORDERED.

Dated:  April 1, 2021

<u>s/George Caram Steeh</u>
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
April 1, 2021, by electronic and/or ordinary mail and also on
Je'Rod Anthony Blond #162715, Genesee County Jail,
1002 South Saginaw, Flint, MI 48502.

s/Brianna Sauve
Deputy Clerk